Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re | Chapter 13 |
|---|---|
| NEMECIO CORONA, | Case No. 0-18-bk-03403-BMW |
| | **TRUSTEE'S RECOMMENDATION** |
| Debtor. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

1. The Plan is substantially underfunded due to underestimated secured and priority debt. The Trustee estimates a funding shortfall of approximately $28,000.00. Based on Debtor's scheduled income and current expenses, it does not appear he has the ability to fund the additional amount required. Any proposed increase in Plan funding must be accompanied with information as to the source of the additional funds to support long term feasibility of the plan.

2. Deutsche Bank National Trust has filed an objection to the Plan. The attorney for the Debtor must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis

with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

3. The proofs of claim filed by Bank of New York Mellon, #5, Deutsche Bank National Trust, #7, and Conn Appliances, 2 claims, #14 and #15, differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor: (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor, then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

4. The Order Confirming Plan must include the following provision: "Mortgage creditor, Vanderbilt Mortgage and Finance, secured by a deed of trust in the residence, shall be paid prepetition arrears of $10,020.45 with 0% interest. Mortgage conduit payments shall be paid by the Trustee from month one of the Plan and for the duration of the Plan unless otherwise ordered. For any month when the balance on hand in the case is insufficient to allow disbursement of the conduit payment and any adequate protection payments on personal property that have become due, then the

- 2 -

amount due for that month will be paid to the creditor on the next disbursement date when the debtor's account has sufficient funds for the Trustee to pay a full conduit payment. If the creditor files a notice of payment change, the Trustee will adjust the Plan payment amount to reflect the increase or decrease in the mortgage payment. The Trustee is authorized to disburse the new mortgage conduit payment amount without seeking a court order or a modification of the Plan."

5. As of the date of Recommendation, the Internal Revenue Service has not filed a proof of claim. The bar date for a government entity to file a proof of claim is not until October 1, 2018. In order to avoid further delay to confirmation of the Plan the Trustee urges Debtor's counsel to contact the IRS to expedite the filing of a claim.

6. The applicable commitment period for this case is 36 months, not 60 months. The Order Confirming Plan is to include the correction.

7. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(C) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(G) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2018 - 2022 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(J) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator, Cheryl Turner, in the Trustee's office.

**Plan payment status:** Debtor's interim payments of $957.00 are current through due date May 3, 2018. Payment in like amount is now past due for due date June 3, 2018, with an additional

- 4 -

payment coming due July 3, 2018.  Debtor's remittance in the total amount of $1,914.00 must be received in the Trustee's office not later than July 23, 2018.

Subsequent payments will be due on or before the 3rd day of the month, starting August 2018. The Debtor is reminded that failure to make timely, current payments to the Trustee will result in delay to payment of mortgage creditors**.**  Such default may be a basis for a creditor's motion to lift the automatic stay.

**Pursuant to Local Rule 2084-10(b), the Debtor must provide the following by July 23, 2018, or the Trustee will file a notice of intent to lodge an order dismissing the case:**

(a) All information and documents as requested in Items # 1, #2 and #3 above; and

(b) Pay to the Trustee the sum of $1,914.00.

SUMMARY: Pursuant to Local Rule 2084-10(b), Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

NEMECIO CORONA
12748 EAST 45TH STREET
YUMA, AZ 85367

JAMES R. GAUDIOSI
ATTORNEY AT LAW, PLLC
15396 N. 83RD AVENUE, STE. D-102
PEORIA, AZ 85381

Russell Brown
2018.06.22
14:21:07 -07'00'

Cheryl Turner
2018.06.22
14:33:38
-07'00'

*cturner@ch13bk.com*

- 5 -