Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>NEMECIO CORONA,<br><br><br><br>Debtor. | Chapter 13<br><br>Case No. 0-18-bk-03403-BMW<br><br>**TRUSTEE'S RECOMMENDATION ON THE FIRST AMENDED PLAN** |

The Trustee has reviewed the First Amended Plan filed September 10, 2018. Subject to the resolution of the following issues, the Amended Plan will meet Code requirements and the Trustee will recommend confirmation:

1. The Amended Plan is substantially underfunded. A review of Section (I), Plan Summary, calculates total conduit payments of $24,401.69, when in fact conduit payments will total approximately $37,706.90, subject to payment changes required by mortgagors' escrow or interest rate changes. This difference of approximately $13,305.00 appears to be the basis for the underfunding. The Order Confirming First Amended Plan must provide for increased yield to cure the shortfall.

2. Conn Appliances filed two separate proofs of claim, #14 and #15. The Order Confirming First Amended Plan must provide a breakdown of payment for each claim.

3. The plan provides for payment of secured claim to AZ Smart Cash who has not filed a proof of claim. Pursuant to F.R.B.P. 3002(a) (eff. Dec. 1, 2017), a secured creditor must file a proof of claim to have an allowed claim. Should the creditor fail to file a proof of claim, then the Debtor(s) may do so per F.R.B.P. 3005(a). The Trustee will not pay the creditor without a proof of claim being filed. **The Trustee objects to the plan being confirmed without a secured claim being filed for all secured creditors treated in the plan.**

4. Secured creditor, Deutsche Bank National Trust, filed an objection to the original plan. Though the amended plan revises treatment of the secured claim, the creditor's original objection is deemed to apply to the amended plan pursuant to 11 U.S.C. § 1323(c) since the creditor has not withdrawn the objection. The secured creditor must sign the order confirming amended plan, or file a withdrawal of the objection to confirmation or an acceptance of the amended plan.

5. The Order Confirming First Amended Plan must include the following language: Vanderbilt Mortgage is secured by a deed of trust in the Debtor's real property and will be paid prepetition mortgage arrears of $10,020.45 with 0% interest. The Trustee will disburse the mortgage conduit payments beginning May 2018. The Trustee will disburse the mortgage conduit payments for the duration of the Plan, unless otherwise ordered. For any month when the funds on hand in the case are insufficient to allow the payment of a full conduit payment and any adequate protection payments on personal property that have become due, the Trustee will pay the conduit payment on the next disbursement date when the debtor's case has sufficient funds to pay a full conduit payment.

If the Trustee receives a Notice of Payment Change filed by the creditor, the Trustee will adjust the plan payment amount to reflect the increase or decrease in the mortgage payment. The Trustee is authorized to disburse the new mortgage conduit payment without seeking an order of the Court or a modification of the plan. See L.R.B.P. 2084-4.

6. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(C) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(G) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2018 through 2021 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them. Debtor will turn over net tax refunds in excess of $1,000.00 for 2018 through 2021 upon receipt.

- 3 -

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(J) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

**Plan payment status:** Debtor's interim payments of $1,287.00 are current through due date November 3, 2018. Payment in like amount is now past due for due date December 3, 2018, with an additional payment coming due January 3, 2019. Debtor's remittance in the total amount of $2,574.00 must be received in the Trustee's office not later than January 14, 2019.

Subsequent payments will be due on or before the 3rd day of the month, starting February 2019.

**Pursuant to Local Rule 2084-10(b), the Debtor must provide the following by January 14, 2019, or the Trustee will file a notice of intent to lodge an order dismissing the case:**

(a) All information and documents as requested in Items #3 and #4 above; and

(b) Pay to the Trustee the sum of $2,574.00.

- 4 -

SUMMARY: Pursuant to Local Rule 2084-10(b), Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming first amended plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

NEMECIO CORONA
12748 EAST 45TH STREET
YUMA, AZ 85367

JAMES R. GAUDIOSI
ATTORNEY AT LAW, PLLC
15396 N. 83RD AVENUE, STE. D-102
PEORIA, AZ 85381

Russell Brown
2018.12.13
13:03:55 -07'00'

Cheryl Turner
2018.12.13
13:45:15
-07'00'

*cturner@ch13bk.com*

- 5 -